**JUDGE DANIELS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIOGENES NUNEZ and SATURNIO SANTOS, individually and on behalf of all other persons similarly situated who were employed by SHIRT RESTAURANT CORP. d/b/a ISLAND RESTAURANT and/or any other entities affiliated with, controlling, or controlled by SHIRT RESTAURANT CORP. d/b/a ISLAND RESTAURANT and JOHN MCLAUGHLIN

Plaintiffs,

- against -

SHIRT RESTAURANT CORP. d/b/a ISLAND RESTAURANT and/or any other entities affiliated with, controlling, or controlled by SHIRT RESTAURANT CORP. d/b/a ISLAND RESTAURANT and JOHN MCLAUGHLIN in both his official and individual capacities,

Defendants.

---

11 CIV 2553

Docket No.:

**CLASS ACTION COMPLAINT**



---

Plaintiffs DIOGENES NUNEZ and SATURNIO SANTOS, for themselves and on behalf of the putative class, by their attorneys Virginia & Ambinder, LLP, for their Complaint against Defendants SHIRT RESTAURANT CORP. d/b/a ISLAND RESTAURANT and/or any other entities affiliated with, controlling, or controlled by SHIRT RESTAURANT CORP. d/b/a ISLAND RESTAURANT and JOHN MCLAUGHLIN (hereinafter "Defendants" or "Island Restaurant"), allege as follows:

### NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law § 633; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2 to recover unpaid wages and overtime compensation owed to DIOGENES NUNEZ and SATURNIO

1

SANTOS, and all similarly situated persons who are presently or were formerly employed by Defendants.

2. Beginning in approximately 2005 and, upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of 40 hours per week, without providing overtime compensation as required by applicable federal and state law.

3. Under the direction of Defendants' corporate officer JOHN MCLAUGHLIN, Defendants instituted this practice of depriving their employees of overtime compensation as mandated by federal and state law.

4. The named Plaintiffs have initiated this action seeking compensation for themselves and on behalf of all similarly situated employees to seek earned but unpaid wages and overtime compensation for all hours worked, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. Jurisdiction of this court is invoked pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 *et seq.*, and 28 U.S.C. § 1391 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims brought under the New York State Labor Law.

6. The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. § 255(a).

7. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

8. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial number of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

9. Plaintiff Diogenes Nunez is a natural person residing in the Bronx, New York. Plaintiff Nunez works for Defendants as a sous chef and began working there in approximately February 2006.

10. Plaintiff Santos is a natural person residing in the Bronx, New York. Plaintiff Santos worked for Defendants as a dishwasher and cleaner from approximately September 2010 to February 2011.

11. Defendant Shirt Restaurant Corp. (d/b/a Island Restaurant) is a domestic business corporation incorporated in the state of New York, with its principal place of business located at 1305 Madison Ave, New York, New York, 10128-1327

12. Defendant John McLaughlin is a natural person with his principal place of business located at 1305 Madison Ave, New York, New York, 10128-1327, and at all relevant times was an officer, director, president, vice president, and/or owner of Shirt Restaurant Corp.

## CLASS ALLEGATIONS

13. This action is brought on behalf of Plaintiffs and a putative class of individuals who worked as cooks, sous chefs, food preparers, dishwashers, cleaners, and other restaurant related jobs for and on behalf of Defendants, to recover earned but unpaid wages which Plaintiffs and the members of the putative class were statutorily entitled to receive for work they performed for Defendants.

14. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure.

15. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

16. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants failed to pay the wages for all hours worked; and (2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week.

17. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class were all subject to Defendants' policies and willful practices of (1) failing to pay wages for all hours worked; and (2) failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week.

18. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the

Defendants' policies.

## FACTS

20. Upon information and belief, beginning in or about 2005, the Defendants employed numerous individuals at Island Restaurant as cooks, sous chefs, food preparers, dishwashers, cleaners, and other restaurant related jobs.

21. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Island Restaurant constitutes an "enterprise engaged in commerce."

22. Upon information and belief, Plaintiffs and all members of the putative class constituted "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651 and case law interpreting the same.

23. The payments made to Plaintiffs and other members of the putative class by Defendants constitute "wages" as that term is defined under New York Labor Law § 651.

24. While working for Defendants, Plaintiffs and members of the putative class were regularly required to perform work for Defendants, without receiving all earned wages and proper overtime compensation as required by applicable federal and state law.

25. While working for Defendants, Plaintiffs and the members of the putative class did not receive all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

26. Plaintiff Nunez began working for Island restaurant in approximately February 2006. He works for Defendants as a sous chef. Plaintiff Nunez works from approximately 3:00 p.m. to 11 p.m. 6 days per week, and currently earns approximately $120.00 to $150.00 per day. However, at times his pay checks stated that he was making $150.00 per hour. Plaintiff Nunez's paystubs did not accurately reflect the total number of hours he worked.

27. Plaintiff Santos worked for Defendants as a dishwasher and cleaner from approximately September 2010 to February 2011. Plaintiff Santos worked from approximately 7:00 a.m. to 4:30 p.m. on Mondays, from approximately 4:00 p.m. to 12:00 p.m. on Wednesday and Thursdays, from approximately 8:00 a.m. to 3:30 p.m. on Saturdays, and from approximately 7:00 a.m. to 4:00 p.m. on Sundays. Plaintiff Santos was paid $8.00 per hour. Plaintiff Santos's paystubs did not accurately reflect the total number of hours he worked.

28. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

29. Upon information and belief, Defendant John McLaughlin was an officer, director, shareholder, and / or president or vice president of Island Restaurant, and (i) had the power to hire and fire employees for Island Restaurant; (ii) supervised and controlled employee work schedules or conditions of employment for Island Restaurant; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for Island Restaurant.

30. Upon information and belief, Defendant John McLaughlin dominated the day-to-day operating decisions of Island Restaurant, made major personnel decisions for Island Restaurant, and had complete control of the alleged activities of Island Restaurant which give rise to the claims brought herein.

31. Upon information and belief, Defendant John McLaughlin was a supervisor, officer and/or agent of Island Restaurant, who acted directly or indirectly in the interest of Island Restaurant, and is an employer within the meaning of the Fair Labor Standards Act. Defendant John McLaughlin, in his capacity as an officer, director, shareholder, and / or president or vice

president, actively participated in the unlawful method of payment for Island Restaurant employees.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

32. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 31 hereof.

33. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

34. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

35. Plaintiffs and other members of the putative class are employees, within the meaning contemplated pursuant to 29 U.S.C. §203(e).

36. Island restaurant constitutes an employer within the meaning contemplated pursuant to 29 U.S.C. § 203(d).

37. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, John McLaughlin constitutes an "employer" for purposes of the FLSA and, consequently, is liable for violations of the FLSA.

38. Upon information and belief, Defendants failed to pay Plaintiffs and other

7

members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

39. The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

40. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION LAW

41. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 40 hereof.

42. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate." New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

43. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

44. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

45. As persons employed for hire by Defendants, Plaintiffs and other members of the

8

putative class are "employees," as understood in Labor Law § 651.

46. Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

47. As an entity that hired the Plaintiffs and other members of the putative class, Island restaurant constitutes an "employer."

48. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq*, 650 *et seq* and the cases interpreting same, John McLaughlin is an "employer."

49. Upon information and belief, Plaintiffs and other members of the putative class at times worked more than forty hours a week while working for Defendants.

50. Upon information and belief, Plaintiffs and other members of the putative class did not receive overtime compensation for all hours worked after the first forty hours of work in a week.

51. Consequently, by failing to pay to Plaintiffs and other members of the putative class overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

52. Defendants' failure to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

53. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

54. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 53

hereof.

55. Pursuant to the Article Six of the New York Labor Law, workers, such as the Plaintiffs and the members of the putative class are protected from wage underpayments and improper employment practices.

56. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs and the putative class members, are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

57. In failing to pay Plaintiffs and other members of the putative class all earned wages and overtime compensation within the week such wages were due., Defendants violated Labor Law § 191.

58. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

59. By withholding wages and overtime compensation from Plaintiffs and the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs and the members of the putative class.

60. Upon information and belief, Defendants failure to pay the Plaintiffs and the putative class members all earned wages and overtime compensation was willful.

61. By the foregoing reasons, Defendants have violated New York Labor Law §198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the cited Labor Law sections.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment:

(1) on their first cause of action, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs pursuant to the cited Labor Law sections;

(3) on their third cause of action, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs pursuant to the cited Labor Law sections; and

(4) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
       April 14, 2011

Lloyd Ambinder, Esq.
Kara Belofsky, Esq.
VIRGINIA & AMBINDER, LLP
111 Broadway, Suite 1403
New York, New York 10006
Telephone: (212) 943-9080
Fax: (212) 943-9082
kbelofsky@vandallp.com

*Attorneys for Plaintiffs and Putative Class*
