UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DIOGENES NUNEZ, et al.                  :
                          Plaintiffs,   :
                                        :
          -v-                           :
                                        :
SHIRT RESTAURANT CORP. d/b/a ISLAND     :
RESTAURANT, et al.,                     :
                                        :
                          Defendants.   :
                                        :
----------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED JAN 2 5 2012
```

11 Civ. 2553 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

On November 29, 2011, the parties in the above-captioned

action informed the Court that they had reached a settlement and

sought to voluntarily dismiss the action.  Because stipulated

settlements in an action brought pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., must be

approved by the Court in the absence of the direct supervision

of the Secretary of Labor, see D.A. Schulte, Inc. v. Gangi, 328

U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); Manning v. New

York Univ., No. 98 Civ. 3300, 2001 WL 963982, at *11-12

(S.D.N.Y. Aug. 22, 2001), the Court ordered the parties to

submit a copy of the settlement for review and approval, as well

as a letter explaining why the settlement should be approved.

Dkt. No. 19.  The Court received a joint submission for in

camera review on January 18, 2012.  The parties submitted a

redacted copy of the settlement agreement (attached hereto), per

the agreement's provision regarding confidentiality.  <u>See</u> Settlement Agreement ¶ 14.

In the instant action, the parties, represented by counsel, have reached a settlement whereby plaintiffs, the only individuals to opt-into this action, agree to relinquish their claims for, <u>inter alia</u>, certain unpaid minimum and overtime wages under the FLSA in exchange for a percentage of the aggregate value of his claims with liquidated damages.

After reviewing the joint application and the terms of the settlement agreement, and given the dispute between the parties regarding the merits of plaintiffs' wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.  <u>See Maywalt v. Parker & Parsley Petroleum Co.</u>, 67 F.3d 1072, 1079 (2d Cir. 1998) (approval of settlement is a matter of discretion for the district court); <u>Clark v. Echolab, Inc.</u>, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . ." (quotations omitted)).  Accordingly, it is hereby

ORDERED that the settlement is judicially approved.

IT IS FURTHER ORDERED that the settlement hearing set for January 30, 2012, is hereby ADJOURNED.

The Clerk of the Court is directed to terminate this action.

SO ORDERED:

Dated:      New York, New York
            January 24, 2012

                                    _____
                                        KATHERINE B. FORREST
                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

DIOGENES NUNEZ and SATURNIO
SANTOS, Individually and on Behalf of All
Others, Similarly Situated who were
employed by SHIRT RESTAURANT CORP.
d/b/a ISLAND RESTAURANT and/or any
other entities affiliated with, controlling, or
controlled by SHIRT RESTAURANT CORP.
d/b/a ISLAND RESTAURANT and JOHN
MCLAUGHLIN,

                              Plaintiffs,

           -against-

SHIRT RESTAURANT CORP. d/b/a
ISLAND RESTAURANT and/or any other
entities affiliated with, controlling, or
controlled by SHIRT RESTAURANT CORP.
d/b/a ISLAND RESTAURANT and JOHN
MCLAUGHLIN in both his official and
individual capacities,

                              Defendants.

--------------------------------------------------------x

11 CV 2553

Forrest, J.

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, Plaintiffs Diogenes Nunez and Saturnio Santos ("Plaintiffs") and
Defendants Shirt Restaurant Corporation d/b/a Island Restaurant, and John McLaughlin,
(collectively referred to as "Defendants") desire to resolve, settle and agree to dismissal with
prejudice of all claims and all issues raised in or by Plaintiffs' Complaint, without further
litigation or adjudication, and to preclude all further or additional claims which Plaintiffs
(including, but not limited to, any present or former spouses, dependents, heirs, counsel,
executors, successors, agents, assigns or representatives of Plaintiffs, referred to collectively

herein as "Plaintiffs") have made or could make, arising up to and as of the date of the execution of the instant Agreement;

WHEREAS, Plaintiffs and Defendants understand and agree that Defendants (which includes, but is not limited to, the above-captioned entities, any present or former parent corporation[s], subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, successors, counsel, assigns, administrators, executors, officers, partners, directors, agents, representatives or employees thereof and any present or former spouse, dependents, counsel, heirs, executors, successors, agents, assigns or representatives, personally and as otherwise might relate to them, who are all collectively referred to throughout this Agreement as "Defendants"), deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, in any administrative charge and in any other document or statement whatsoever;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, this action shall be dismissed in its entirety and with prejudice by the Court subject to the terms of Plaintiffs' and Defendants' stipulation:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

2

1.    <u>Plaintiffs' Commitments</u>.    In exchange for the promises made by Defendants in paragraph "5" below, Plaintiffs agree as follows:

(a)    Plaintiffs will execute all documents and all supplemental, further or modifying documents, including but not limited to the Stipulation and Order appended hereto, needed to settle, dismiss and withdraw, with prejudice, any and all complaints, suits, actions, charges, claims or proceedings against Defendants relative to any cause or matter existing as of the date of the execution of this Agreement. Based upon such documents, an Order of Dismissal shall be entered upon presentation thereof by Defendants or by any other entity to any court of competent jurisdiction or any agency or other forum upon any claim made by, relating to or in behalf of Plaintiff. Except to enforce the terms of this Agreement, Plaintiffs shall not institute, be represented in, participate in or permit to be submitted or filed in Plaintiffs' behalf any claim (arising up to and including the date of the execution of the instant Agreement) whatsoever, or to accept any relief or recovery from or against Defendants. In the event any class or collective action is brought against Defendants which includes or may include Plaintiffs, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon Plaintiffs' learning of Plaintiffs' inclusion, or will be in breach hereof; and,

(b)    Nothing stated in this Agreement bars Plaintiffs from participating in any proceeding by or before the Equal Employment Opportunity Commission, but Plaintiffs cannot recover any relief or other remedy from that or any other proceeding

3

### 2.    No Further Employment

(a)    Plaintiffs do not wish to ever be considered for employment by Defendants and hereby waive any right that they may have to return to their former employment and/or to apply for employment at any time with Defendants; and,

(b)    Plaintiffs further agree that, in the event that any offer is withdrawn, or any termination results from a hiring prohibited by this Agreement, they waive any right to seek legal or administrative redress of any kind for events relating to the withdrawal of the offer, or termination or employment, as described in this section. Said waiver includes, but is not limited to, any claim for unemployment benefits, wrongful termination or employment discrimination.

### 3.    General and Unlimited Release of Claims.

In addition to the waiver and release contained in paragraph "1" hereof, Plaintiffs knowingly and voluntarily release and forever discharge Defendants of and from any and all claims arising up to and as of the date of this Agreement, both known and unknown, which Plaintiffs have or may have against Defendants, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Fair Labor Standards Act;

4

- The Sarbanes Oxley Act;

- The New York Corrections Law, including Sections 750-755 thereof;

- The Occupational Safety and Health Act;

- The Family and Medical Leave Act of 1993;

- The New York Human Rights Law;

- The New York Civil Rights Law;

- The New York Labor Law;

- The New York Minimum Wage Law and all wage orders;

- The New York Wage and Wage Payment Laws, including Sections 190 et seq. of the Labor Law;

- The New York City Human Rights Law

- any other federal, state or local civil, bias, wage, retaliation, whistleblower, benefits, discrimination, human rights or other local, state or federal law, regulation, ordinance or obligation;

- any public policy, securities, contract (whether oral or written, express or implied from any source), tort (whether intentional, negligent or otherwise) or common law;

- any claim for costs, fees, or other expenses including attorneys' fees; and,

- any claim relating to Defendants.

4.   **Exceptions**

Nothing in this Negotiated Settlement Agreement in any way prevents Plaintiff Nunez from continuing his worker's compensation claim against Defendants for a February 13, 2011 date of accident, Claim No. YZCC54616, Policy No. 76WEGFX3961. Plaintiff Nunez shall maintain all rights and benefits that he is currently entitled to or will be entitled to as determined by the New York Workers' Compensation Board or pursuant to the

5

New York Workers' Compensation Law.  Payments made pursuant to this Agreement are not payments for matters related to the February 13, 2011 workers compensation claim.  Any benefits Plaintiff Nunez is entitled to pursuant to the February 13, 2011 workers compensation claim are and will be forever unaffected by the terms and payments set forth in this Agreement. Further, nothing in this Negotiated Settlement Agreement in any way prevents Plaintiff Nunez from pursuing any and all claims directly related to the February 13, 2011 accident, including but not limited to, claims for personal injury and negligence.

     5.   **Consideration.**

        (a)    In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all claims they have or may have against Defendants arising up to, and including the date of the execution of, the instant Agreement, Defendants agree to pay the gross sum of                                        as follows: within ten days of Defendants' counsel's receipt of a "So Ordered" Stipulation of Dismissal from the Court, and a copy of this Agreement executed by Plaintiffs, Defendants will forward to Plaintiffs' counsel the following payments: (1) a check in the amount of minus lawful deductions, payable to Diogenes Nunez, for which a W-2 will be issued; (2) a check in the amount of          payable to Diogenes Nunez, for which a Form 1099 will be issued; (3) a check in the amount of         , minus lawful deductions, payable to Saturnio Santos, for which a W-2 will be issued; (4) a check in the amount of          , payable to Saturnio Santos, for which a Form 1099 will be issued; and, (5) a check in the amount of          payable to Virginia & Ambinder, LLP;

        (b)    These payments and other agreements referred to in paragraph (a) above represent a complete settlement release and waiver of any claims for allegedly lost wages,

benefits or other compensation, mental, physical or other personal injuries, pain and suffering, attorney's fees, costs and any other relief which Plaintiffs may have in this or any other proceeding against Defendants.

**6.** **No Other Entitlement.**

(a)     Plaintiffs have neither filed nor caused to be filed any claim against Defendants in any forum, except the instant lawsuit;

(b)     Plaintiffs further affirm that they have reported all hours worked as of the date of this Agreement and have received all compensation, wages, and/or benefits to which they may be entitled and that no compensation, wages, or benefits are due to them, except as provided pursuant to this Agreement.  Plaintiffs are not entitled to any monies, relief or recovery whatsoever except as set forth in paragraph "5" of this Agreement;

(c)     Plaintiffs furthermore affirm that other than as set forth in paragraph "4" of this Agreement, they have no known workplace injuries or occupational diseases for which a claim for worker's compensation benefits could be made or an award of benefits could be issued and have not been denied any leave requested, whether paid or unpaid, under the Family and Medical Leave Act, or any other law.

**7.**     **Execution.**  The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants.  Plaintiffs are represented by counsel of their choosing and certify that they are satisfied with the advice and services of their counsel, Lloyd Ambinder, Esq. and Kara Miller, Esq.  The meaning, effect and terms of this Settlement have been fully explained to Plaintiffs by their counsel, Lloyd Ambinder, Esq and Kara Miller, Esq.  Plaintiffs hereby confirm that they fully understand that this Agreement settles, bars and waives any and all claims that they could possibly have against Defendants.

7

Plaintiffs have been advised that they can have twenty-one (21) days to consider the meaning and effect of this Negotiated Settlement Agreement and have been advised of their right to consult with counsel with regard to this general and total release of all claims and have done so.

8.      **Non-Admission of Wrongdoing.**  Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Defendants of any liability or unlawful conduct of any kind.

9.      **Severability and Modification.**  Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative agency or other entity, and should such provision not be susceptible to interpretation or modification to be enforceable (which the parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the general release contained herein were limited or held to be null and void, Plaintiffs shall execute additional or supplemental general release agreements waiving any and all claims that they may have.

10.     **Section Headings.**  Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

11.     **Entire Agreement.**  This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clause), and includes the terms of the Stipulation of Settlement attached hereto as Exhibit A which are expressly incorporated herein, represents the complete understanding among Plaintiffs and Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full

8

and general release of all actual or potential claims, whether known or unknown. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by Plaintiffs and by Defendants or their legally designated representative, which recites the specific intent to modify this Agreement or as provided in paragraph "9" above.

12.    **Tax Liability.** Plaintiffs shall be required to ensure that all taxes relating to any amounts paid hereunder properly are paid. In the event that taxes, interest or penalties are held to be due and owing as a result of the foregoing payments, the taxes, interest or penalties shall be the sole obligation and liability of Plaintiffs, who agree to indemnify and hold Defendants harmless for any taxes, interest or penalties incurred by Defendants relating to the payments.

13.    **Capability to Waive Claims.** Plaintiffs expressly represent that Plaintiffs are able to effect a knowing and voluntary waiver and general release of claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and to waive any and all claims they have or may have against Defendants. Plaintiffs certify that they are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle this case and to waive all claims they may have against Defendants.

14.    **Confidentiality.**

(a)    Plaintiffs shall not, except as compelled by law, a court or government entity, publicize or disclose to any person any term of this Agreement or the facts or circumstances relating to any asserted or potential claims against Defendants, including those

9

asserted in the instant action. This covenant of confidentiality includes, but is not limited to, the claims that Plaintiffs have asserted or could have asserted against Defendants, any alleged conduct by Defendants, the terms of this Agreement, any allegation by Plaintiffs that Defendants have violated any law, rule and/or regulation, and Plaintiffs' receipt of the payments hereunder. Other than as required by law or governmental agency, no disclosure will be made to anyone by Plaintiffs other than to discuss the terms hereof with their attorney or tax advisor (all of whom must first agree not to make any disclosure that Plaintiffs themselves could not make). Upon receipt of any inquiry regarding this proceeding, Plaintiffs, or any representative thereof, shall state only that it has been resolved to the satisfaction of the parties unless otherwise required by law.

(b)     Plaintiffs confirm that as of this date of execution hereof, they have not told any current or former employee of Defendants about the resolution of Plaintiffs' Complaint, the specific terms, conditions or amount paid under this Agreement. Plaintiffs also confirm that, as of this date, they have not contacted any department or agency regarding any potential or alleged violations of any law, rule or regulation by Defendants, and that they will not do so in the future.

(c)     Plaintiffs understand and agree that violation of this covenant of confidentiality will constitute a material breach of this Agreement, which will cause Defendants to suffer immediate, substantial and irreparable injury and which will be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement).

      (d)    Plaintiffs agree to join and support any application by Defendants to any judicial or administrative body to preserve and uphold this confidentiality provision, including any application to the assigned District Court Judge Hon. Katherine B. Forrest.

**15.**    **Execution and Revocation Procedure.**

    EXECUTION. MR. NUNEZ AND MR. SANTOS HAVE BEEN ADVISED IN WRITING THAT THEY HAVE TWENTY-ONE (21) DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. MR. NUNEZ AND MR. SANTOS AGREE THAT ANY MODIFICATION, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DOES NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE DAY CONSIDERATION PERIOD.

    MR. NUNEZ AND MR. SANTOS HAVE CONSULTED WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. MR. NUNEZ AND MR. SANTOS ACKNOWLEDGE THAT, PRIOR TO EXECUTION OF THIS AGREEMENT, THEY CONSULTED WITH THEIR COUNSEL, LLOYD AMBINDER, ESQ. AND KARA MILLER, ESQ. AND ARE SATISFIED FULLY WITH THAT COUNSEL AND REPRESENTATION.

    HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 5 HEREOF, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION AND CONSULTATION WITH PLAINTIFFS' COUNSEL, LLOYD AMBINDER, ESQ. AND KARA MILLER, ESQ, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST DEFENDANTS.

**PLAINTIFF:**

DATED: ~~December~~ January 17, 201~~1~~2        By: _Diogenes Nunez_
                                           DIOGENES NUNEZ

STATE OF NEW YORK   )
                        ) ss.:
COUNTY OF NEW YORK  )

    On the 17 day of ~~December~~ January in the year ~~2011~~ 2012 before me, the undersigned personally appeared Diogenes Nunez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

Signature and Office of individual
taking acknowledgment

```
KARA SUE BELOFSKY
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02BE6231094
COMR. EXP. 1/15/14
```

**PLAINTIFF:**

DATED: December __, 2011          By: _____
                                       SATURNIO SANTOS

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

        On the ____ day of December in the year 2011 before me, the undersigned personally appeared Saturnio Santos, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

**DEFENDANTS**

        SHIRT RESTAURANT CORPORATION

Dated:  December __, 2011          By:   _____

                                   Title: _____


        JOHN MCLAUGHLIN

Dated:  December __, 2011          By:   _____

12

**PLAINTIFF:**

DATED: December 21 2011                     By: _____

                                                 SATURNIO SANTOS

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK  )

       On the 21 day of December in the year 2011 before me, the undersigned personally appeared Saturnio Santos, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

> KARA SUE BELOFSKY
> NOTARY PUBLIC STATE OF NEW YORK
> NEW YORK COUNTY
> LIC. #02BE8231094
> COMM. EXP. 11/15/14

**DEFENDANTS**

                               SHIRT RESTAURANT CORPORATION

Dated:  December __, 2011              By: _____

                                              Title: _____


                               JOHN MCLAUGHLIN

Dated:  December __, 2011              By: _____

12

satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

PLAINTIFF:

DATED: January __, 2012                    By:    _____
                                                         SATURNIO SANTOS

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NEW YORK  )

          On the _____ day of January in the year 2012 before me, the undersigned personally appeared Saturnio Santos, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

DEFENDANTS

                                          SHIRT RESTAURANT CORPORATION

Dated:  January 17, 2012                  By:    _____
                                          Title: _____

                                          JOHN MCLAUGHLIN

Dated:  January 17, 2012                  By:    _____

12